NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAVEL FERRERA PARRA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE *et al.*,<br><br>Defendants. | Civil Action No. 25-02073 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Ravel Ferrera Parra's Motion for Reconsideration of the Court's July 29, 2025 Order denying Plaintiff's Motion to Reinstate Complaint and Renew Application to Proceed *In Forma Pauperis* (IFP). (ECF Nos. 10, 14, 15);[1] and

**WHEREAS** motions for reconsideration are "extremely limited procedural vehicles" which are granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citation modified); and

**WHEREAS** such motions may be granted only if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not

---

[1] Plaintiff seeks relief under Rule 60(b) and Local Rule 7.1(i). Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, the District of New Jersey's Local Civil Rules permit such motions if the movant (1) files its motion "within 14 days after the entry" of the challenged order and (2) sets "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). Accordingly, the Court construes Plaintiff's request as seeking relief only under Local Rule 7.1(i).

available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted); and

**WHEREAS** a motion for reconsideration is "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013). And it is improper for a movant to "ask the court to rethink what it ha[s] already thought through— rightly or wrongly." *Lynch v. Tropicana Prods., Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (citation omitted); and

**WHEREAS** the Court denied Plaintiff's initial IFP application (ECF No. 8) without prejudice because the Court found that Plaintiff "ha[d] not sufficiently explained why he [could not] allocate a portion of the $20,400 held in his bank accounts to fund this litigation." (ECF No. 9 at 2.[2]) The Court subsequently denied Plaintiff's Motion to Reinstate Complaint and Renew Application to Proceed IFP (ECF No. 10) without prejudice because the Court again found that Plaintiff failed to demonstrate that he qualified to proceed IFP. (ECF No. 14.) Specifically, the Court ruled that: (1) Plaintiff still had not demonstrated why he could not allocate a portion of the $20,400 held in his bank accounts to fund this litigation; (2) Plaintiff's Social Security Disability Income (SSDI) backpay was properly considered in determining whether Plaintiff qualified as indigent; (3) the expenses Plaintiff offered to justify why he could not apportion part of his SSDI backpay to fund this litigation were vague and duplicative of his monthly expenses; and (4)

---

[2]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Plaintiff's argument that the Court denied him due process was meritless because the Court granted Plaintiff leave to address the deficiencies in his IFP application. (ECF No. 14 at 2-3); and

**WHEREAS** Plaintiff contends in his Motion for Reconsideration that the Court's July 29, 2025 Order should be vacated and his IFP application should be granted because: (1) the Court deprived Plaintiff of his "procedural right to comply";[3] (2) the Court did not offer Plaintiff reasonable accommodations pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7); (3) the Court denied Plaintiff's Motion without any findings of fact or identification of the deficiencies in the application; (4) the Court erred in considering Plaintiff's SSDI backpay; (5) the Court deprived Plaintiff of his due process rights by taking over three months to rule on Plaintiff's Motion; and (6) the Court's refusal to consider the Social Security Administration's role as Defendant and source of Plaintiff's backpay violated Plaintiff's "right to litigate the misconduct that created his economic condition." (ECF No. 15 at 4-5); and

**WHEREAS** the Court finds that Plaintiff has not established a basis upon which this Court should reconsider its prior ruling. Plaintiff does not identify any new evidence or argue that there has been an intervening change in the law. Rather, Plaintiff argues that the Court committed various errors of law. (*See generally* ECF No. 15.) But Plaintiff raises several arguments already analyzed and rejected by this Court, thereby improperly seeking a "second bite at the apple." *Sussman v. Capital One, N.A.*, Civ. No. 13-6483, 2015 WL 164095, at *4 (D.N.J. Jan. 13, 2015) (citation omitted). For example, the Court already considered and rejected Plaintiff's procedural due process challenge. (ECF No. 14 at 3.) Likewise, the Court considered and rejected Plaintiff's argument that the Court erred in considering Plaintiff's SSDI backpay in denying his IFP

---

[3] The Court construes this as a procedural due process claim, as the Court did in its July 29, 2025 Order. (*See* ECF No. 14 at 3.)

application.[4] (*Id.*) *See Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785 (10th Cir. 2010) (affirming revocation of the plaintiff's IFP status where the plaintiff had "received a lump-sum payment of past-due Social Security benefits"); *Bell v. Bank of Am.*, Civ. No. 17-509, 2017 WL 6450559, at *1 (N.D. Tex. June 26, 2017) ("Courts consider social security payments in making the in-forma-pauperis determination."); and

**WHEREAS** to the extent Plaintiff raises new or previously unaddressed arguments, his contentions lack merit. For example, Plaintiff argues that the Court failed to provide Plaintiff accommodations under the ADA, but "it is well-settled that the ADA does not apply to the federal government, its agencies or employees." *Coleman v. United States*, Civ. No. 15-1942, 2016 WL 1241800, at *3 (D.N.J. Mar. 30, 2016); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("While the [ADA] requires state courts to make disability accommodations, the ADA does not apply to federal courts."). The Court also rejects Plaintiff's argument that he was prejudiced by the Court deciding his prior Motion in approximately three months. *See In re Thomas*, 438 F. App'x 137, 138 (3d Cir. 2011) ("While we may issue a writ of mandamus in response to undue delay, only a few months have passed since [*pro se* plaintiff's] motion . . . has been ready for disposition. This short time (of about four months) does not warrant mandamus relief."). Finally, Plaintiff incorrectly argues that this Court denied Plaintiffs' IFP application without identifying the deficiencies therein. (*See* ECF No. 14 at 2 ("Plaintiff has not demonstrated why he cannot allocate a portion of the $20,400 held in his bank account—$19,000 of which Plaintiff asserts is SSDI backpay—to fund this litigation."); *id.* at 3 ("[T]he expenses that Plaintiff

---

[4]   Plaintiff now raises the additional argument that his SSDI backpay should not have been considered because the Social Security Administration is a Defendant in this action. (ECF No. 15 at 5.) But Plaintiff provides no support for this argument, and the Court sees no basis to exclude Plaintiff's backpay on this basis.

offers to justify why he cannot use a portion of his SSDI backpay to fund this litigation are vague and duplicative of his monthly expenses.")); and for other good cause shown;

**IT IS** on the 6th day of January, 2026 **ORDERED** as follows:

1. The Clerk's Office is directed to **REOPEN** this case so the Court may consider Plaintiff's Motion for Reconsideration.

2. Plaintiff's Motion for Reconsideration (ECF No. 15) is **DENIED**.

3. The Clerk's Office is directed to **CLOSE** this case.

4. Plaintiff may submit payment in the amount of $405 within fourteen (14) days of the date of this Order to reopen this case without further action from the Court.

5. The Clerk's Office is directed to mail Plaintiff a copy of this Order via regular U.S. mail.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**